# FOGAZZI v. TARTAN-LAVER DELRAY, INC., etc., et al.

## Case No. 84-3920 CA(L) H

Fifteenth Judicial Circuit, Palm Beach County

March 4, 1985

### APPEARANCES OF COUNSEL

**Kenneth A. Marra** for plaintiff.

**Christopher J. Schilling** for defendants.

### OPINION OF THE COURT

RICHARD I. WENNET, Circuit Judge.

This cause came before the Court for trial on February 11 and 12, 1985.

This action was initiated by Plaintiff, Erika Fogazzi, against Defendants, Tartan-Laver Delray, Inc. and the Clubhouse Restaurant, Inc., to quiet title to a 15 acre parcel of land located on Lantana Road in Palm Beach County, Florida. Record title to the property in question

was acquired by the Defendants at a sheriff's sale held on June 6, 1984. The property was sold based upon a levy of execution carried out for the purpose of satisfying a judgment obtained by Defendants against Nereo Frank Fogazzi ("N.F. Fogazzi") in the case of Tartan-Laver Delray, Inc. and the Clubhouse Restaurant, Inc. v. N.F. Fogazzi, et al., Case No. 83-2938 CA(L) C, Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Plaintiff initiated the present action in order to establish her prior and superior rights to the property in question. It is Plaintiff's position that the property was not subject to levy, execution and sale in order to satisfy the debts of N.F. Fogazzi because the property was held by N.F. Fogazzi as trustee, for the sole benefit of Plaintiff.

After having considered all the evidence and the arguments of counsel, the Court makes the following findings of fact:

1. On or about February 15, 1979, Oscar K. Johnson executed and delivered to N.F. Fogazzi, as Trustee, a Warranty Deed conveying certain real property located in Palm Beach County, Florida, legally described as follows:

Beginning at the Northwest corner of the East half of Lot 2, Tract 40 of the Subdivision of the Hiatus between Townships 44 and 45 South, Range 42 East, Palm Beach County, Florida, go easterly along the South line of Townships 44 South, Range 42 East, 565 feet, thence southeasterly 1193.11 feet to a point on the North line of Township 45 South, Range 42 East, 575 feet East of the Southwest corner of said East Half of Lot 2, Tract 40, thence West 575 feet to the Southwest corner of said East Half of Lot 2, thence northwesterly 1210.51 feet to the point of beginning; Less the North 40 feet thereof for highway purposes.

2. The Deed to N.F. Fogazzi, as Trustee, did not name beneficiaries or set forth the nature and purposes of the trust. No Declaration of Trust by N.F. Fogazzi, as Trustee, has ever been recorded in the Public Records of Palm Beach County. Accordingly, the conveyance to N.F. Fogazzi, as Trustee, is governed by Section 689.01(1) Florida Statutes.

3. The Plaintiff, Erika Fogazzi, is the wife of N.F. Fogazzi.

4. On June 6, 1984, the subject real property was sold at public auction by the Sheriff of Palm Beach County, pursuant to execution levied in connection with a Judgment previously rendered in the above cited case against N.F. Fogazzi, also known as N. Frank Fogazzi. Defendants were the successful bidders at the Sheriff's sale, and a Sheriff's Deed was thereafter issued to them.

5. Plaintiff's claim is premised on the contention that N.F. Fogazzi held the subject property in trust for her; that Plaintiff was at all times the sole beneficial owner of the property; and that N.F. Fogazzi never owned an interest in the property. The Court finds that Plaintiff has failed to prove the existence of a bona fide trust. This finding is based on the facts demonstrated at trial, which include the following:

(a) N.F. Fogazzi originally contracted to purchase the subject property in his own name, with no indication of the existence of any trust. The term "as Trustee" was added to the closing documents at or around the time of closing.

(b) At the time he purchased the subject property, N.F. Fogazzi was estranged from his wife. He was spending most of his time in Florida, rather than at the marital domicile in Toronto, Canada. While in Florida, N.F. Fogazzi was spending substantial amounts of time, if not actually, residing with a woman by the name of Gayle Cross, whose testimony was presented at trial.

(c) Plaintiff was not directly involved in any fashion in the purchase of the subject property. There is no reliable evidence that the purchase was made with Plaintiff's separate funds or property.

(d) A document entered into evidence as a purported Declaration of Trust was, according to the testimony, prepared by N.F. Fogazzi's Canadian attorney, even though N.F. Fogazzi was represented by Florida counsel in connection with his purchase of the property. Plaintiff did not present testimony of either attorney in support of her claim, nor was any reasonable explanation given for the absence of such testimony. Other than the testimony of Plaintiff and her husband, there is no testimony whatsoever concerning the fact that the preparation, execution and delivery of the purported Declaration of Trust was accomplished prior to the Defendants' execution upon the subject realty.

(e) No Declaration of Trust was ever recorded in the Public Records of Palm Beach County, although such a Declaration could have been recorded at any time pursuant to Section 689.07(4), Florida Statutes.

(f) Between October 1978 and November 1979, N.F. Fogazzi, as Trustee, acquired title to at least five other investment properties in Palm Beach County. All of these properties were subsequently reconveyed by Mr. Fogazzi, with the exception of the property involved in this action. While the testimony of Plaintiff and her husband is somewhat inconsistent, they maintain that all of the property purchased as trustee was held by N.F. Fogazzi as trustee for Plaintiff or

other persons. However, Plaintiff and her husband can produce no trust agreement or Declaration of Trust pertaining to any of the other properties, nor can they produce any accounting records or other documentation which would reflect the existence of an actual trust as to any of the property.

(g) No tax returns were ever filed in any jurisdiction for any of the purported trusts.

(h) N.F. Fogazzi at all times treated the subject property as his own. This is evidenced by the written financial statement he presented to a local bank in March, 1983, in connection with his application for certain loans, including a mortgage loan on the subject property which was never closed. The statement indicates that N.F. Fogazzi, through a corporation that in fact did not exist, was the sole owner of the subject property. The financial statement contains no mention of a trust, nor does it mention Plaintiff, who was not a party to the loan application. N.F. Fogazzi now claims that the financial statement was entirely erroneous, and that virtually all of the assets listed on the statement were the property of the Plaintiff rather than himself. The Court finds this testimony not worthy of belief.

6. The evidence presented, taken as a whole, clearly reflects that N.F. Fogazzi was at all times the sole legal and equitable owner of the subject property, and that he did not hold the property as trustee for Plaintiff. This is a most generous finding on behalf of the Plaintiff. The Court will resolve in favor of Plaintiff certain questions of fact and *not* find that the Plaintiff and her husband have attempted to use the legal process of the Court to perpetrate a fraud on Defendants which fraud was buttressed in toto by perjured testimony and doctored evidentiary exhibits prepared exclusively for use in this trial.

Based on the foregoing findings, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff, Erika Fogazzi, has no right, title or interest in or to the above-described real property. The ownership of Defendants, Tartan-Laver Delray, Inc. and The Clubhouse Restaurant, Inc., is free and clear of any claim by Plaintiff or any party claiming by, through or under her.

2. This Lis Pendens previously filed herein by Plaintiff is discharged, and it shall be of no further force or effect.

3. The Court reserves jurisdiction for the taxation of costs against Plaintiff upon appropriate notice and hearing.